IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BERKSHIRE HATHAWAY HOMESTATE INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:18-CV-1038-WKW [WO] |
| NATASHA ADAMS, d/b/a C&R TRANSPORT, | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff Berkshire Hathaway Homestate Insurance Company's motion for default judgment (Doc. # 12) against Defendant Natasha Adams. The motion for default judgment will be granted and Adams willl be ordered to pay $115,400.00 to Berkshire.

## **I. JURISDICTION AND VENUE**

The court has diversity subject-matter jurisdiction under 28 U.S.C § 1332(a). The amount in controversy exceeds $75,000, and the parties are citizens of different states. (Doc. # 1, at 1.) The parties do not dispute personal jurisdiction or venue.

## **II. STANDARD OF REVIEW**

To prevail on its motion for default judgment, Berkshire must show that it has a claim upon which relief can be granted. "[A] default judgment cannot stand on a

complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). The court must ensure "that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (per curiam). Thus, Berkshire must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The court cannot award money damages "without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985) (quoting *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (per curiam)). It may award damages "only if the record adequately reflects the basis for [the] award." *Id.* at 1544.

## III. BACKGROUND

This lawsuit stems from a previous case in the Eastern District of Louisiana, *Mendoza v. Hicks,* No. 15-cv-1455, 2016 WL 815505 (E.D. La. Mar. 2, 2016). In that case, Adams was sued for a car accident involving a tractor-trailer. Adams had a business relationship with the tractor's driver. Adams also had an insurance policy from Berkshire. But Adams did not own the tractor involved in the crash. Nor did

2

Berkshire insure that tractor. Still, Berkshire paid $100,000 on Adams's behalf to settle the case, reserving the right to seek reimbursement from Adams under her policy's MCS-90 endorsement. (Doc. # 1, at 6–7; Doc. # 12-1, at 16.)

Berkshire later sent Adams letters on September 7, 2016, and October 10, 2016, demanding reimbursement for the settlement payment. (Doc. # 12-6, at 2–3.) Adams has not reimbursed Berkshire. (Doc. # 1, at 7.) As a result, Berkshire filed this lawsuit against Adams. It seeks $115,400 for the settlement, interest, and court fees. Adams was personally served on March 3, 2019. (Doc. # 9.) Her answer was due on March 25, 2019, but she has yet to respond. Under Federal Rule of Civil Procedure 55, the Clerk of the Court entered default on April 18, 2019. (Doc. # 11.)

### IV. DISCUSSION

The insurance policy Berkshire issued Adams had an MCS-90 endorsement. Under that endorsement, Adams "agree[d] to reimburse [Berkshire] for any payment that [Berkshire] would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement." (Doc. # 12-1, at 16.) That agreement controls; a court "must enforce the insurance policy as written if the terms are unambiguous." *Lambert v. Coregis Ins. Co.*, 950 So. 2d 1156, 1161 (Ala. 2006) (quoting *Safeway Ins. Co. of Ala. v. Herrera*, 912 So. 2d 1140, 1143 (Ala. 2005)). Without the MCS-90 endorsement, Berkshire would not have had to pay $100,000 to help settle the lawsuit against Adams. Thus, Adams must reimburse

3

Berkshire. *See Harco Nat'l Ins. Co. v. Bobac Trucking Inc.*, 107 F.3d 733, 737 (9th Cir. 1997) (holding that an MCS-90 endorsement required the insured to reimburse the insurer for a legal settlement) (applying California law).

Berkshire prays for $115,400 in damages. The court will award that amount. The MCS-90 endorsement requires Adams to pay Berkshire $100,000. Berkshire is also entitled to $15,000 of prejudgment interest based on the statutory six-percent annual rate. Ala. Code §§ 8-8-1, 8-8-8; *see Ballard v. Lee A. McWilliams Constr., Inc.*, 258 So. 3d 336, 338 (Ala. Civ. App. 2018); *Hughes v. Hughes*, 401 So. 2d 73, 76 (Ala. Civ. App. 1981). And Berkshire may recover its $400 filing fee. Fed. R. Civ. P. 54(d)(1). An evidentiary hearing on damages is not required since the record adequately reflects the basis for this award. *Adolph Coors Co.*, 777 F.2d at 1543–44; *see SunSouth Capital, Inc. v. Harding Enters., LLC*, No. 15-cv-823, 2017 WL 4563867, at *2 (M.D. Ala. Oct. 12, 2017).

## V. CONCLUSION

For the reasons above, it is ORDERED that Berkshire's motion for default judgment (Doc. # 12) is GRANTED and that default judgment is ENTERED against Defendant Natasha Adams. Adams is liable to Berkshire for $115,400.00, including $15,000.00 in interest and $400.00 in costs. A separate judgment will be entered.

DONE this 29th day of July, 2019.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE